3

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

U.S. DISTRICT COURT
SOUTHERN DISTRICT TEXAS
FILED

JUN 21 01

MICHAEL N. MILBY, CLERK

| | | |
|---|---|---|
| MARCO GRACIA and | § | |
| CHRISTINA GRACIA, | § | |
|     Plaintiffs | § | |
| VS.. | § | CIVIL ACTION NO. B-01-071 |
| | § | |
| WILLIAM A. CSABI, | § | |
|     Defendant | § | |

## MOTION TO REMAND

IF YOU WANT A HEARING, YOU MUST REQUEST ONE IN WRITING AND YOU MUST RESPOND SPECIFICALLY TO EACH PARAGRAPH OF THIS PLEADING. YOU MUST FILE YOUR RESPONSE WITH THE CLERK OF THE BANKRUPTCY COURT WITHIN TWENTY DAYS FROM THE DATE YOU WERE SERVED AND GIVE A COPY TO THE PERSON WHO SENT YOU THE NOTICE; OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF.

IF A PARTY REQUESTS EMERGENCY CONSIDERATION, THE COURT MAY ACT EXPEDITIOUSLY ON THE MATTER. IF THE COURT ALLOWS A SHORTER RESPONSE TIME THAN TWENTY DAYS, YOU MUST RESPOND WITHIN THAT TIME. IF THE COURT SETS AN EMERGENCY HEARING BEFORE THE RESPONSE TIME WILL EXPIRE, ONLY ATTENDANCE AT THE HEARING IS NECESSARY TO PRESERVE YOUR RIGHTS. IF AN EMERGENCY HEARING IS NOT SET, YOU MUST RESPOND BEFORE THE RESPONSE TIME EXPIRES.

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

    NOW COMES **CHRISTINA GRACIA**, Plaintiff in the above-referenced action and files this her Motion to Remand, and would show the Court the following:

### I. Background

    1.    On April 9, 1998 ("Petition Date"), Marco and Christina Gracia, ("Debtors") filed their Voluntary Chapter 13 Petition, under 11 U.S.C. § 101 et. seq. of the Bankruptcy Code.

2. On September 11, 1998, the Court entered the Order Confirming the Debtors' Chapter 13 Plan of Reorganization.

3. On February 22, 2001, Debtors filed a Motion for Relief from Stay to allow the case styled *Marco Gracia and Christina Gracia vs. William Csabi*, Cause No. 99-01-236-D in the 103rd District Court of Cameron County, Texas ("State Court action") to proceed.

4. On April 27, 2001, the Court entered an Order Granting the Debtors' Motion for Relief from Stay, giving Plaintiffs authority to commence the State Court action.

5. The State Court Action was commenced on January 20, 1999 when Plaintiffs' Original Petition was filed.

6. On May 4, 2001, William Csabi, ("Defendant") filed a Notice of Removal of the State Court action to this Honorable Court pursuant to 28 U.S.C. § 1451, Rule 9027, Federal Rules of Bankruptcy Procedure and Rule 9027, Bankruptcy Local Rules for the United States Bankruptcy Courts for the Southern District of Texas.

7. Defendant William A. Csabi was served with a copy of the Plaintiffs' Original Petition in the State Court action by personal service on May 11, 1999, as set out on the Citation attached to Defendant's Notice of Removal as Exhibit 2, which is incorporated herein for all purposes as if set forth fully at length

## II. Argument & Authorities

8. Plaintiff objects to the Notice of Removal in that the Notice of Removal was not served on Plaintiff until June 15, 2001, making the removal untimely pursuant to Federal Bankruptcy Rule 9027(a)(3).

9. Federal Bankruptcy Rule 9027(a)(3) requires that "If a case under the Bankruptcy Code is pending when a claim or cause of action is asserted in another court, a notice of removal may be filed with the clerk **only within the shorter of (A) 30 days after receipt, through**

**service or otherwise, of a copy of the initial pleading setting forth the claim or cause of action** sought to be removed or (B) 30 days after receipt of the summons if the initial pleading has been filed with the Court but not served with the summons (*emphasis added*).

10.     Defendant was served with the State Court Action on May 11, 1999. Pursuant to the provisions of Rule 9027(a)(3), the deadline to file a notice of removal in connection with the State Court Action was **June 11, 1999**. Defendant's Notice of Removal was filed more than two (2) years after the deadline, is therefore untimely, and the case should be remanded to the State Court as a matter of law.

11.     Plaintiff further requests that this cause of action be remanded to State Court under the principal of comity. More specifically, the State Court will give the same effect to the applicable laws and judicial decisions as the United States District Court in this case.

<u>Prayer</u>

For the foregoing reasons, Plaintiff prays that this Court remand this cause of action to the 103rd District Court of Cameron County, Texas, and for such further relief, at law and in equity, to which Plaintiff may show herself justly entitled.

Respectfully submitted,

_____
Martin C. Womble, Jr.
State Bar No. 21880300
Admissions No. 8959
*Jordan, Hyden, Womble & Culbreth, P.C.*
500 North Shoreline Blvd., Suite 900
Corpus Christi, Texas 78471
Telephone: (361) 884-5678
Telecopier: (361) 888-5555
**ATTORNEYS FOR PLAINTIFF
CHRISTINA GRACIA**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was served on the following parties by First Class United States Mail, postage prepaid, on this the 21 day of June, 2001.

James P. Grissom  
2408 North Conway  
Mission, Texas 78572  
**ATTORNEY FOR DEFENDANT**

William J. Tinning  
1013 Bluff Drive  
Portland, Texas 78374  
**ATTORNEY FOR PLAINTIFF MARCO GRACIA**

_____  
H____ C. Womble, Jr.