IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| **Marco Gracia and Christina Gracia,** | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. B-01-071 |
| | § | |
| **William A. Csabi,** | § | |
| | § | |
| Defendants. | § | |

## ORDER

BE IT REMEMBERED that on August 14, 2001, the Court **GRANTED** the Plaintiff Christina Garcia's Motion to Give Effect to the Standing Order of Reference to Bankruptcy Court to Resolve Issues [Dkt. No. 4].

Title 28, United States Code, Section 157(a) states in pertinent part:

> "Each district court may provide that any or all cases under title 11...shall be referred to the bankruptcy judges for the district."

An exception arises only for personal injury tort and wrongful death claims, which must be tried in the district court in which the bankruptcy case is pending. 28 U.S.C. § 157(b)(5).

In conformity with 28 U.S.C. § 157, the Southern District of Texas entered an Order of Reference of Bankruptcy Proceedings Nunc Pro Tunc requiring that all cases under title 11 be referred to the bankruptcy judges of this district for consideration. Therefore, all cases under title 11 except personal injury tort and wrongful death claims must be referred to the bankruptcy judges of the Southern District of Texas.

In this case, Plaintiffs filed for Chapter 13 bankruptcy under Title 11 of the Bankruptcy Code. Plaintiffs requested, and the bankruptcy court entered, a relief from stay so that Plaintiffs could litigate a state court action against William Csabi for breach of fiduciary duty, negligence, gross negligence, and breach of implied and express warranties. The Plaintiffs alleged in their state court petition that Mr. Csabi failed to

provide adequate representation and services to the Plaintiffs pursuant to their written contract, in that Mr. Csabi failed to timely file personal bankruptcy documents on behalf of the Plaintiffs.

Since it is the mandate of the district courts of the Southern District of Texas to refer all cases under title 11 to the bankruptcy judges of this district, and since this case is neither a personal injury tort nor a wrongful death claim falling into an exception of this mandate, the Court hereby **GRANTS** the Motion to Give Effect to the Standing Order of Reference to Bankruptcy Court to Resolve Issues [Dkt. No. 4], and **REFERS** this action to the United States Bankruptcy Court, Southern District of Texas, Brownsville Division.

DONE at Brownsville, Texas, this 4th day of August 2001.

_____
Hilda G. Tagle
United States District Judge